[Sac. No. 4545.   In Bank.—April 30, 1934.]

D. W. COZAD, Plaintiff and Appellant; GUY LeROY STEVICK, Assignee, etc., Appellant, v. RAISCH IMPROVEMENT COMPANY (a Corporation), Respondent; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

Alfred C. Skaife, Edwin H. Williams and A. S. Hutchinson for Appellants.

A. B. Weiler and Herbert Choynski for Respondent.

THE COURT.—In October, 1913, D. W. Cozad recovered a judgment against defendant Raisch Improvement Company in the sum of $5,898.95 and costs, which judgment was affirmed on appeal. Fidelity and Deposit Company of Maryland had issued a policy of employer's liability insurance in favor of said defendant in the sum of $5,000, and hence was liable in that amount. The said insurance company also executed an undertaking to stay execution on the defendant's appeal. Upon affirmance, it paid the amount for which it was liable on the insurance policy, i. e., $5,000 and costs and interest, the total amounting to $7,016.93. Defendant Raisch Improvement Company was liable for the balance of the judgment, $898.95, and promised to pay the same. Upon its failure to do so the insurance company paid the balance, and took an assignment of the judgment in

favor of Guy LeRoy Stevick, for its benefit. He proceeded to levy execution against the defendant on said judgment, which execution was, upon defendant's motion, later recalled and quashed. This appeal is by Fidelity and Deposit Company of Maryland from the order quashing execution.

The position of appellant is that it occupied two distinct relations with respect to defendant, one as insurer to the extent of the $5,000 liability on its policy; and the other, as surety on an undertaking on appeal. Having paid the amount of the policy, it discharged its liability as insurer. The liability it assumed under the bond to stay execution, however, made it responsible for the full amount of the judgment subsequently affirmed, but with the right of subrogation against the defendant. (See Code Civ. Proc., sec. 1059.) Normally, when it paid the balance of the judgment and took an assignment thereof, it could proceed against the defendant to recover the same.

Defendant seeks to escape from this rule, and avoid liability for the balance of the judgment, on the ground that at the time the surety paid the same, it was not bound to do so, and acted as a volunteer. This contention is based upon the following circumstances: The insurance company paid the sum for which it was liable under the policy on September 29, 1917, and on that date, the attorney for the plaintiff in the action caused to be entered in the judgment-book a satisfaction of judgment "in full as against the Fidelity and Deposit Company of Maryland, by payment of $7,016.93". Defendant's position would compel the conclusion that plaintiff's attorney deliberately satisfied a judgment against a corporate surety on an undertaking on appeal for less than the amount of the judgment. This conclusion is unreasonable, and is inconsistent with the subsequent acts of the parties, particularly the act of the surety in paying the balance itself, in spite of the above language. The fact that on its face the amount received was less than the amount of the judgment serves as further evidence that the satisfaction was not as to the whole of the judgment, but merely as to the whole of the liability of the Fidelity Company as insurer under the policy. Moreover, the evidence of plaintiff's attorney, contained in an affidavit in the record, corroborates this view, namely, that the satisfaction was partial only, to the extent of $7,016.93, and that if the surety

were compelled to pay the balance, it was agreed that the plaintiff would make an assignment of the judgment to it. We are satisfied that the intent of the parties in making the above entry was to satisfy the judgment in full against Fidelity and Deposit Company as insurer under the employer's liability policy, and that there was no intent to release it from its undertaking on appeal, which was a separate and distinct liability for the whole of the judgment in the event that the defendant failed to pay it. Under this view, the surety was not a volunteer and is entitled to recover from defendant.

Some question is also made as to the failure of the surety to file notice and claim of contribution with the clerk of the court within ten days after payment of the balance of the judgment, as provided in section 709 of the Code of Civil Procedure. This section relates to sureties generally, while section 1059 of the same code deals specifically with the rights of a surety on an undertaking on appeal, and on principle and authority the specific section must control the general. The procedure followed by appellant was in conformity with the provisions of section 1059, and was a proper method of enforcing its subrogation right.

The order quashing execution is reversed.